IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OWEN JAMES YARBOROUGH, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-107-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Owen James Yarborough, TDCJ-ID #325665, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Cuero, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  **PROCEDURAL HISTORY**

Yarborough is serving a life sentence for his 1981 murder conviction in the 213th District Court in Tarrant County, Texas. (Petition at 2) On November 29, 2007, Yarborough filed a state habeas application, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on January 9, 2008. *See Ex parte Yarborough*, State Habeas Appl. No. WR-13,974-09. The instant petition was filed on January 28, 2008.[1]

D.  **RULE 5 STATEMENT**

Quarterman believes Yarborough has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b), however he contends one or more of Yarborough's claims are time-barred. (Resp't Answer 4-8)

E.  **ISSUES**

Yarborough raises five grounds for relief:

(1) TDCJ is illegally denying his mandatory supervision release without a hearing under amended and/or current state law instead of the law in effect at the time of his offense in violation of his due process rights;

(2) TDCJ is illegally denying his release to mandatory supervision under amended and/or current state law in violation of his rights under the Ex Post Facto Clause;

(3) TDCJ is illegally denying his release to mandatory supervision under amended and/or current state law in violation of the original legislative intent;

(4) TDCJ has failed to apply the requirements of *Wolff v. McDonnell* to his case in violation of his due process rights; and

(5) His continuing incarceration is illegal and violates the original intent of the state legislature in its creation of mandatory supervision. (Petition at 7-8 & Insert)

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

**F.    STATUTE OF LIMITATIONS**

Quarterman asserts that the petition is barred by the one-year statute of limitations as to grounds (1) through (4). 28 U.S.C. § 2244(d). However, it appears all of Yarborough's claims are time-barred.

According to Yarborough, a life sentence is equivalent to 60 years and an inmate is eligible for mandatory supervision when his time credits, combined, total 60 years. He asserts that because he has served over 22 calendar years, he was to be released to mandatory supervision on or about October 5, 2003. (Pet'r Objection and Answer at 2, 4) He argues that TDCJ is violating the Due Process and Ex Post Facto Clauses by applying *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001), to his case, in which the Texas Court of Criminal Appeals decided that inmates sentenced to life imprisonment were not eligible for release on mandatory supervision, and/or harsher statutory laws enacted after the date of the offense.

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, namely, the date on which Yarborough could have discovered, through the exercise of due diligence, the factual predicate of his claims. Typically, in this context, the factual predicate of such claims is discoverable at the time of a petitioner's conviction because, under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). However, it was not until December 19, 2001, that the Texas Court of Criminal Appeals decided *Ex parte Franks*. Arguably, Yarborough could have discovered, through the exercise of due diligence, the legal if not the factual basis of his claims on that date. However, according him greater latitude, Yarborough could have discovered, through the exercise of due diligence, the factual basis of his claims on or about October 5, 2003, the date he contends he should have been released on mandatory supervision. (Pet'r Objection and Answer at 4) Accordingly, the one-year statute of limitations began to run on October 5, 2003, and expired one year later on October 5, 2004, absent any applicable tolling.

Yarborough's state habeas application, filed after limitations had already expired, does not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Yarborough alleged and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period.[2] *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Yarborough attempts to implicate § 2244(d)(1)(B) or justify equitable tolling of the limitations period by asserting that he was to be released on October 5, 2003, or given notice as to why he was not to be released. Receiving no such notice, he asserts the state's silence constitutes "affirmative conduct of fraudulent concealment." (Pet'r Objection and Answer at 4) In the alternative, he asserts the statutory "books" that would have provided said notice were removed from the prison law library by the state, and he did not learn of the legal basis for his claims until he was

---

[2]Quarterman argues that equitable tolling is not applicable to federal habeas petitions based on the recent Supreme Court opinion in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), however, the Fifth Circuit Court of Appeals has rejected this argument. *United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir. 2008).

informed by another inmate who had read the "books" before removal. (*Id.* at 5) However, there is no evidentiary basis in the record to support Yarborough's assertions.

Yarborough's petition was due on or before October 5, 2004; thus, his petition filed on January 28, 2008, is untimely.[3]

## II. RECOMMENDATION

Yarborough's petition for writ of habeas corpus should be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 23, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted

---

[3]Even if Yarborough's petition were timely filed, his claims are foreclosed by the Fifth Circuit's decision in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). *See also Moreno v. Cockrell*, 61 Fed. Appx. 922, 2003 WL 1106878, at *1 (5th Cir. 2003).

by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 23, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 2, 2008.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE